FILED

December 13, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Linda Green | ) Docket No. 2016-04-0085 |
| | ) |
| v. | ) State File No. 99072-2015 |
| | ) |
| Rogers Group, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Vacated and Remanded - Filed December 13, 2016

---

In this interlocutory appeal, the employer challenges the trial court's order requiring it to provide a panel of physicians and to pay for the employee's medical expenses arising from her work injury. The employer does not question whether the employee suffered a work-related injury, but asserts in defense of the claim that it implemented a drug-free workplace program; that the employee initially refused to submit to a drug test; that a drug test subsequently completed on the accident date revealed a positive confirmation of an illegal drug; that it is entitled to a presumption that the drug use was the proximate cause of the injury; and that the employee failed to rebut the presumption by clear and convincing evidence. The trial court determined the post-accident drug test did not establish a positive confirmation at the level prescribed by applicable regulations sufficient to entitle the employer to the presumption that the drug use was the proximate cause of the work-related injury. Because we conclude the evidence presented to date is patently ambiguous and subject to different interpretations, we vacate the trial court's decision and remand the case for further proceedings.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Heather H. Douglas, Nashville, Tennessee, for the employer-appellant, Rogers Group, Inc.

Linda Green, Carthage, Tennessee, employee-appellee, pro se

1

## Factual and Procedural Background

On December 11, 2015, Linda Green ("Employee") fell approximately eight feet from a catwalk while in the course and scope of her employment with Rogers Group, Inc. ("Employer"). She was transported by ambulance to Skyline Medical Center ("Skyline") where she was treated and released. Two days later, she returned to the emergency department at Skyline complaining of respiratory difficulty. She was admitted to the hospital, where she remained until December 17, 2015. The admission report states that Employee suffered "multiple right-sided rib fractures and transverse process fractures of her lumbar spine." While hospitalized, a CT of her chest revealed a right hydropneumothorax that was not present on a study performed on the accident date, and she was diagnosed with a pulmonary embolism in her right lung and a partial lung collapse.

Upon her discharge, Employee was instructed not to lift over three to five pounds and to wear a back brace. She was also prescribed home oxygen and pain medication. Because of her pulmonary embolism, she was prescribed a blood thinner, Coumadin, and she was instructed to follow up with her primary care physician to check her Coumadin levels. She was also instructed to return to Skyline one week after discharge.[1]

At her initial visit to Skyline on December 11, 2015, medical personnel sought to obtain a urine sample for drug testing, but due to Employee's reports that she was in too much pain, efforts to obtain the sample at that time were abandoned. However, later that evening Employee provided a urine sample that was used to complete a drug screen, which revealed the presence of marijuana metabolites.[2] Employee was drug tested again on February 23, 2016 for the purpose of being re-employed by Employer. On that date, she again tested positive for marijuana metabolites.

On the basis of the positive drug screening results, Employer denied Employee's claim, asserting that its status as a certified drug-free workplace entitled it to a presumption that Employee's drug use was the proximate cause of the injury, and that the burden was on Employee to rebut the presumption by clear and convincing evidence. Employee requested the trial court to enter an interlocutory order based on a review of the file and, after determining it needed no additional information to rule on the issues, the trial court issued an order for medical benefits and the payment of medical expenses for the emergent care Employee received on December 11, 2015. The trial court concluded that the drug screening report showed levels of marijuana metabolites present

---

[1] No medical records subsequent to Employee's discharge from Skyline on December 17, 2015 are included in the record on appeal.

[2] Employee also tested positive for opiates as a result of pain medications given to her in the emergency room. It does not appear that the positive test for the presence of opiates is the source of any dispute between the parties.

2

in Employee's initial and confirmation specimens at amounts less than the cut-off levels specified in the regulations to be considered presumptively positive. Finding that "the post-accident drug test was insufficient to establish a positive result," the trial court concluded that the presumption of causation described in Tennessee Code Annotated section 50-6-110(c)(1) was not triggered. Consequently, the trial court determined that the burden of establishing Employee's alleged intoxication and its causal connection to her injuries remained on Employer, and that Employer was "unlikely to establish intoxication as the proximate cause of [Employee's] accident." Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

The trial court's conclusions hinged on its interpretation of the laboratory report from Quest Diagnostics that was based on the urine specimen collected on December 11, 2015. Because Employee requested a determination on the record without an evidentiary hearing, there was no testimony or other corroborative evidence to aid the trial court in interpreting the report. Moreover, because the critical evidence considered by the trial court was documentary in nature, we are in as good a position as the trial court to review and interpret this evidence. *Brees v. Escape Day Spa & Salon*, No. 2014-06-0072, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *16 (Tenn. Workers' Comp. App. Bd. Mar. 12, 2015).

In assessing the drug screening results, the trial court concluded that Employee's post-accident drug tests revealed the presence of 20 ng/ml of marijuana metabolites in an initial test and 5 ng/ml of such metabolites in a confirmation test. However, this

3

interpretation of the test results is arguably incorrect. It appears the levels included in the far-right columns on the Quest Diagnostics' form, which list the "Initial Test Level" and the "MS Confirm Test Level," indicate the "Acceptable Range" for each drug tested and not Employee's actual results. On the second page of the report, Employee's "Urine Quantitative Results" are listed and indicate marijuana metabolites of 16 ng/ml in the "In Range" column of the "Results." No information is included in the "Out of Range" column for marijuana metabolites. Thus, the trial court's conclusion that Employee's test results did not reach the "cut-off levels" specified in the rules of Tennessee's Drug-Free Workplace Program is questionable. Moreover, it is unclear from the evidence presented to date whether Employee's "quantitative results" came from an initial test or a confirmation test.[3] If the result listed is from a confirmation test, then the level of marijuana metabolites in Employee's system following the work accident was above the 15 ng/ml "cut-off level" indicated in Rule 0800-02-12-.03(17), making the test result "presumptively positive." This, in turn, would trigger the application of the presumption of causation in favor of Employer.[4]

Therefore, given the ambiguity of the test results on which the trial court relied in reaching its decision, we conclude the trial court did not have enough information to reach its determination that Employer was not entitled to the presumption of causation set forth in Tennessee Code Annotated section 50-6-110(c)(1). As a result, we vacate the trial court's order and remand the case for the submission of additional evidence concerning the correct interpretation of the drug screening results.

## Conclusion

The trial court's expedited hearing order is vacated and the case is remanded to the trial court for the submission of additional evidence concerning the correct interpretation of the drug screening results.

---

[3] We note there are several reasonable and contradictory inferences one could make from the "quantitative results" provided. One inference is that the marijuana metabolite result is from an initial test because the result on page 2 of "16 ng/ml" is listed in the "in range" column. Another inference is that the result is from a confirmation test because a finding of 16 ng/ml should not have triggered a positive finding on an initial test according to the "acceptable ranges" listed.

[4] In reaching this conclusion, we note that neither party has addressed the application of the statutory presumption of causation in light of Tenn. Comp. R. & Regs. 0800-02-12-.03(17) (2012). Accordingly, we offer no opinion at this time concerning whether the application of the presumption of causation set forth in Tennessee Code Annotated section 50-6-110(c)(1) is preconditioned on drug screening results that meet minimum "cut-off levels" to be deemed "presumptively positive" in accordance with Tenn. Comp. R. & Regs. 0800-02-12-.03(17).

4

**FILED**

**December 13, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Linda Green | ) Docket No. 2016-04-0085 |
| | ) |
| v. | ) State File No. 99072-2015 |
| | ) |
| Rogers Group, et al. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of December, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Linda Green | | X | | | X | cookiejoeg@gmail.com; P.O. Box 32, Riddleton, TN 37151 |
| Heather Douglas | | | | | X | hdouglas@manierherod.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov